UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOYD PACE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-14-749-HE |
| CARL BEAR, Warden, | ) ) ) |
| Respondent.[1] | ) ) |

## REPORT AND RECOMMENDATION

Petitioner Boyd Pace, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), the undersigned has examined the Petition and recommends dismissal.

BACKGROUND

In this action, Petitioner challenges his conviction upon *nolo contendere* plea of March 7, 2008, in the District Court of Oklahoma County, Oklahoma, on two felony counts of possession of obscene materials involving the participation of a minor. *See* Pet.

---

[1] Because Petitioner is currently incarcerated at Joseph Harp Correctional Center ("JHCC"), JHCC Warden Carl Bear is hereby substituted as the sole Respondent in this habeas proceeding. *See* Section 2254 R. 2(a), 12; Fed. R. Civ. P. 25(d), 81(a)(4); *Joseph Harp Correctional Center*, Okla. Dep't of Corr., http://www.ok.gov/doc/Organization/Field_Operations/East_Institutions/Joseph_Harp_Correctional_Center.html (last visited Sept. 18, 2015).

(Doc. No. 1) at 1, 5;[2] *State v. Pace*, No. CF-2006-1838 (Okla. Cnty. Dist. Ct. filed Mar. 22, 2006).[3] Petitioner was sentenced to a term of imprisonment of twenty years on each count, with eight years on each count suspended and with the two terms to run concurrently. Pet. at 1.

Petitioner did not initially appeal the conviction or seek other relief in the state courts. Pet. at 1-2. Over one year later, in May 2009, Petitioner filed his first application for postconviction relief. Pet. at 3; *State v. Pace*, No. CF-2006-1838 (docket entries of May 18, 2009). The state district court denied relief on August 3, 2009, and Petitioner did not appeal. Pet. at 3; *State v. Pace*, No. CF-2006-1838 (docket entry of Aug. 3, 2009).

Almost four years later, in March 2013, Petitioner filed a second application for postconviction relief. Pet. at 4; *State v. Pace*, No. CF-2006-1838 (docket entries of Mar. 14, 2013). The state district court again denied relief, and Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). Pet. at 4; *State v. Pace*, No. CF-2006-1838 (docket entries of May 9 and 17, 2013). The OCCA affirmed the denial of relief on July 23, 2013. Pet. at 4; *Pace v. State*, No. PC-2013-533 (Okla. Crim. App. filed June 3, 2013). Petitioner filed the instant 28 U.S.C. § 2254 habeas action on July 14, 2014. Pet. at 13 (reflecting that Petitioner executed Petition on July 14, 2014); *see Fleming v. Evans*,

---

[2] References to filings in this Court use the page numbers assigned by the Court's electronic filing system.

[3] The undersigned takes judicial notice of the dockets for Petitioner's state-court cases, which are publicly available through http://www.oscn.net.

481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (noting that a petition is deemed filed on the date that petitioner gives it to prison authorities for mailing).

In his Petition, Petitioner raises three grounds for relief. In Grounds One and Two, Petitioner challenges the constitutionality of his state criminal conviction based on: Petitioner's lack of accountability for committing the crimes because he suffers from automatism or unconsciousness; the involuntary, unknowing, and unintelligent nature of his plea; and the ineffectiveness of his trial counsel in connection with both of these alleged defects. *See* Pet. at 5-10. In Ground Three, Petitioner asserts error in the state courts' failure to grant his request for an evidentiary hearing during proceedings on Petitioner's second postconviction application. Pet. at 11-12.

## ANALYSIS

*A. Screening Requirement and Jurisdiction*

The Court is required to review habeas petitions promptly and to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 R. 4. The Rule allows the district court to sua sponte dismiss a petition for writ of habeas corpus if its untimeliness is "clear from the face of the petition itself." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008); *accord Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

B. *The Applicable Limitations Period*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitation for habeas petitioners:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Here, because § 2244(d)(1)(B), (C), and (D) are not implicated by the allegations in the Petition, the timeliness of the Petition is considered under § 2244(d)(1)(A).

C. *Grounds One and Two*

1. <u>Section 2244(d)(1)(A)</u>

Petitioner alleges that the date of the judgment and sentence in the conviction under attack was March 7, 2008. *See* Pet. at 1. Oklahoma law provides a specific course

4

of procedure for the appeal of a conviction based upon a guilty plea. *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). "First, . . . the defendant must file an application in the trial court to withdraw his plea within ten days of the judgment and sentence, with a request for an evidentiary hearing." *Id.* (citing Okla. Stat. tit. 22, ch. 18 app., R. 4.2(A)). "If the trial court denies the motion to withdraw, the defendant may then appeal by way of a petition for writ of certiorari" to the OCCA. *Id.* (citing Okla. Stat. tit. 22, § 1051(a); Okla. Stat. tit. 22, ch. 18 app., R. 4.2(D)). If, however, the defendant fails to file a motion to withdraw his or her guilty plea within the ten-day period, the defendant's conviction is considered final upon the conclusion of that period. *See Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006).

Petitioner did not seek to withdraw his plea or otherwise challenge his conviction within ten days. *See* Pet. at 1; *State v. Pace*, No. CF-2006-1838. As a result, Petitioner's conviction became final on March 17, 2008. *See Clark*, 468 F.3d at 713. Assuming the limitation period under § 2244(d)(1)(A) began to run the next day, Petitioner had until March 18, 2009, to file a federal habeas action. *See* 28 U.S.C. § 2244(d)(1)(A); *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (citing *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003)). Because Petitioner did not file his Petition until more than five years later, on July 14, 2014, this action—absent tolling or an exception—is untimely under 28 U.S.C. § 2244(d)(1)(A).

2. Statutory Tolling Under 28 U.S.C. § 2244(d)(2)

For petitions brought under 28 U.S.C. § 2254, the one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714 (explaining that "properly filed" means "filed within the one year allowed by AEDPA"). Here, Petitioner's state-court postconviction attempts were not filed until May 2009 and March 2013, as described above, and so were filed after Petitioner's one-year deadline expired on March 18, 2009. Petitioner's applications for postconviction relief therefore did not statutorily toll his AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714.

3. Equitable Tolling

The AEDPA filing deadline may be equitably tolled in "extraordinary circumstances." *Clark*, 468 F.3d at 714 (internal quotation marks omitted). To be entitled to equitable tolling, Petitioner has the burden to "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *See id.*; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner presents no extraordinary circumstance that prevented his timely pursuit of federal habeas corpus relief. Petitioner contends that "[i]t simply is NOT his fault for failing to present these claims in earlier petitions, etc.[,]" because Petitioner has no knowledge of the law and no inmate until now has been willing to assist him with

presenting his habeas claims. Pet. at 9. Such circumstances, however, even for an incarcerated petitioner, generally are insufficient to warrant equitable tolling. *See Marsh*, 223 F.3d at 1220; *Johnson v. James*, 502 F. App'x 807, 810 (10th Cir. 2012).

Notably, this Court has rejected the application of equitable tolling when presented by this same Petitioner with these precise grounds for delay, as alleged justification for his tardy filing of a virtually identical habeas application (also filed on July 14, 2014, but challenging a 2006 state-court conviction): "The magistrate judge was not persuaded that petitioner's claimed ignorance of the law and the lack of an inmate to help him present his claims constituted extraordinary circumstances that prevented him from filing his habeas petition on time. The court agrees." *Pace v. Addison*, No. CIV-14-750-HE, 2014 WL 5780744, at *1 (W.D. Okla. Nov. 5, 2014) (citing *Yang v. Archuleta*, 525 F.3d 925, 928-30 (10th Cir. 2008)); *see id.* at *3 & n.3, *4.

After being convicted in 2008, Petitioner waited over one year to first seek any state-court relief, waited another four years to seek state-court relief again, and then waited another year—from July 2013 to July 2014—after being denied that relief to file his federal habeas Petition. Here, as in Petitioner's previously dismissed, contemporaneously filed federal habeas action, the lack of "extraordinary circumstances preventing timeliness and diligent pursuit" of Petitioner's federal claims is clear on the face of the Petition, and "neither Petitioner's own ignorance nor his inability to gain help from another inmate is sufficient to warrant equitable tolling." *See Clark*, 468 F.3d at 714; *Pace*, 2014 WL 5780744, at *4.

4. Actual Innocence Exception

"[A] credible showing of actual innocence" based on newly discovered evidence "may allow a prisoner to pursue his constitutional claims" as to his conviction, under an exception to procedural and limitations-based bars—including 28 U.S.C. § 2244(d)(1)—established for the purpose of preventing a miscarriage of justice. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1931-32 (2013). Successful actual innocence claims are rare due to the strong evidentiary requirements for such claims. *See id.* at 1928, 1931, 1936; *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Such claims must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, as in his other habeas action in this Court, Petitioner alleges that he suffers from mental disorders including "unconsciousness" and "blackouts." Pet. at 5-6. Petitioner argues that, because of his mental disorders, acceptance of his guilty plea resulted in the conviction of someone who is actually innocent or incompetent. Pet. at 7.[4]

Petitioner does not, however, anywhere contend that his mental condition was not known to him at the time of his guilty pleas, i.e., that the fact of that condition is new evidence that could persuade a reasonable jury not to convict him of these crimes. And,

---

[4] Petitioner does not contend that his mental condition prevented him from timely filing his Petition.

significantly, Petitioner does not allege that he is *factually* innocent of the crimes for which he was convicted. Petitioner's argument that he cannot be held accountable for his crimes because he does not remembering committing them, due to the unraised defense of unconsciousness or automatism, does not amount to a contention that he is actually (rather than legally) innocent of the crimes, and Petitioner presents no such evidence of actual innocence to the Court. *See Schlup*, 513 U.S. at 327-29; Pet. at 5-8.

This Court has specifically rejected Petitioner's assertion of these same mental afflictions as grounds for application of the actual innocence exception, holding: "The court also agrees . . . that petitioner's failure to present 'new evidence calling his conviction into question,' prevents him from demonstrating the actual, i.e. factual, innocence, needed to warrant equitable tolling." *Pace*, 2014 WL 5780744, at *1 (quoting *Foust v. Jones*, 261 F. App'x 131, 133 (10th Cir. 2008)); *see id.* at *1 n.3, *5. Here, again, Petitioner's claims of mental illness do not invoke the actual innocence equitable exception. *See McQuiggin*, 133 S. Ct. at 1928; *Bousley*, 523 U.S. at 623.

5. Summary

Petitioner's statute of limitations to file this habeas action expired on March 18, 2009, and he is not entitled to statutory or equitable tolling or an equitable exception. Because Petitioner did not file his Petition until July 14, 2014, the Court should dismiss Grounds One and Two as untimely.

D. *Ground Three*

In Ground Three, Petitioner seeks federal habeas relief because the state courts refused to grant him an evidentiary hearing in the course of disposing of his second

9

application for postconviction relief. Pet. at 11-12. As was thoroughly explained by the magistrate judge who considered Petitioner's prior habeas action, such a claim cannot provide the basis for federal habeas relief under 28 U.S.C. § 2254:

> It has long been established that "no constitutional provision requires a state to grant post-conviction review." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). Thus, Petitioner's claim, which focuses "only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, . . . states no cognizable federal habeas claim." *Id*.

*Pace*, 2014 WL 5780744, at *6 (omission in original); *see also Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("Our precedent makes clear that the district court did not err in dismissing claims that related only alleged errors in the [state] post-conviction proceedings."). Here, likewise, Petitioner's claim that he was improperly denied a hearing during state postconviction proceedings should be dismissed. *See Pace*, 2014 WL 5780744, at *2 (citing *Neiberger v. McCollum*, 577 F. App'x 850, 853 n.1 (10th Cir. 2014)).

**RECOMMENDATION**

Based upon the foregoing, Petitioner's Grounds One and Two are untimely, and Petitioner's Ground Three does not present a cognizable claim for federal habeas relief. It is therefore recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) be dismissed in its entirety.

**NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by October 14, 2015, in accordance with

10

28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case. The Clerk of Court is directed to serve copies of the Petition and this Report and Recommendation on Respondent and the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us.

ENTERED this 23rd day of September, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE