# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BOYD PACE,                       )
                                 )
       Petitioner,         )
                                 )
vs.                              )    NO. CIV-14-0749-HE
                                 )
WARDEN MICHAEL K. ADDISON,       )
                                 )
       Respondent.         )

## **ORDER**

Petitioner Boyd Pace, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B), (C), the matter was referred to Magistrate Judge Charles Goodwin, who recommends that the petition be dismissed on filing. *See* Rule 4, Rules Governing 2254 Proceedings. Petitioner has filed an objection to the Report and Recommendation.

In March 2008, petitioner pleaded *nolo contendere* to two counts possession of obscene materials involving participation of a minor child.[1] He was sentenced to 20 years imprisonment on each count, to run concurrently with each other but consecutive to his prior sentence of imprisonment for various counts of indecent or lewd acts with a child under sixteen and exhibition of obscene materials to a minor child. *See* Okla. v. Pace, Case No. CF–2005–3654 (Dist. Ct. Okla. Cty. Mar. 15, 2006). He did not appeal. More

---

[1]Doc. No. 1, at 1. The court, like the magistrate judge, has taken judicial notice of the public records of the District Court of Oklahoma County. *See* Okla. State Courts Network, State of Okla. v. Pace, Boyd Keith, Case No. CF–2006–1838, District Court in and for Oklahoma County, Oklahoma, http:// www.oscn.net/applications/oscn/start.asp?viewType=DOCKETS (as accessed Jan. 25, 2016).

than one year later petitioner sought post-conviction relief. The state district court denied his application and petitioner did not appeal. Almost four years later petitioner filed a second application for post-conviction relief, which was denied. Petitioner appealed and the Oklahoma Court of Criminal Appeals affirmed the decision on July 23, 2013. He then filed this habeas action on July 14, 2014.[2]

Petitioner asserts three grounds for relief in his habeas petition. The magistrate judge concluded that the first two, in which petitioner challenges his underlying convictions, are time-barred. Judge Goodwin then determined that the third—based on the lack of an evidentiary hearing during the post-conviction proceedings—lacks merit as it fails to state a federal constitutional claim.

Because petitioner neither moved to withdraw his plea nor appealed his convictions, they became final on March 17, 2008. *See* 28 U.S.C. § 2244(d)(1)(A). Absent statutory or equitable tolling, the one-year statute of limitations for petitioner to file his federal habeas petition, set by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), ran on March 17, 2008. *See* 28 U.S.C. § 2244(d)(1). Petitioner did not, though, file his habeas petition until July 14, 2014.

Judge Goodwin found no basis for statutory tolling of the limitations period. He also found no basis for equitable tolling, which generally "requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some

---

[2]*The magistrate judge deemed the petition filed on the date petitioner gave it to prison officials for mailing, which he assumed was the day it was executed.. Doc. No. 1, p. 13.*

2

extraordinary circumstance stood in his way.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)).

Petitioner's claimed ignorance of the law and the lack of an inmate to help him present his claims did not constitute extraordinary circumstances that prevented him from filing his habeas petition on time. *See* Yang, 525 F.3d at 928–30. Further, petitioner's failure to present "new evidence calling his conviction into question," prevents him from demonstrating the actual, i.e. factual, innocence, needed to warrant equitable tolling. *See* Foust v. Jones, 261 Fed. Appx. 131, 133 (10th Cir. 2008).[3]

Even if petitioner had met his burden of demonstrating extraordinary circumstances, he did not show that he diligently pursued his habeas rights. He offers no explanation as to why it took him over six years after the statute of limitations ran to file his federal habeas petition. Under these circumstances petitioner has not demonstrated either that he diligently pursued his claims for purposes of equitable tolling or that he is entitled to a stay to allow him to exhaust any unexhausted claims. Petitioner's first two grounds for relief will be dismissed as being untimely.

In his third ground for relief petitioner claims the state district and appellate courts erred by failing to hold an evidentiary hearing during the post-conviction proceedings. The magistrate judge rejected this claim. He concluded petitioner failed to state a federal

---

*[3]As the magistrate judge noted in his Report and Recommendation, petitioner did not allege in his petition that the mental disorders which he claims prevented him from remembering that he committed any of the crimes, also prevented him from filing his habeas petition within the time constraints set by AEDPA. See Report and Recommendation, p. 8 n.4.*

habeas claim because he was not challenging the judgment that provided the basis for his conviction, but rather the post-conviction remedy, which states are not required by the Constitution to provide. The court agrees and the third ground for relief will be dismissed for lack of merit. See Neiberger v. McCollum, 577 Fed. Appx. 850, 853 n.1 (10th Cir. 2014).

The magistrate judge correctly concluded that it appears from the face of the habeas petition that petitioner is not entitled to relief. Grounds one and two of the habeas petition are barred by the one year statute of limitations and ground three fails to state a federal constitutional claim.

Accordingly, the court **ADOPTS** Judge Goodwin's Report and Recommendation, and **DISMISSES** the habeas petition. See Rule 4, Rules Governing 2254 Proceedings.

**IT IS SO ORDERED**.

Dated this 27th day of January, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE